IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK A. VERMILLION,                                    CV. 05-888-HU

        Plaintiff,                                    ORDER
  v.

JENNA PLANK, et al.,

        Defendants.

MOSMAN, Judge

Plaintiff brings this civil rights action *pro se.* Plaintiff moves to proceed *in forma pauperis*. Plaintiff's application is incomplete because it does not include a certified copy of plaintiff's trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's applications (#1 and #6) are DENIED. Plaintiff may file an amended application curing the deficiency.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint using the form civil rights complaint accompanying this order. The amended complaint shall include all of the parties

1 -- ORDER

sought to be named as defendants in the caption of the complaint.[1] Fed. R. Civ. P. 10(a). Plaintiff shall allege how each of the named defendants personally participated in the alleged constitutional violations. Plaintiff is advised that defendants cannot be held liable simply by virtue of their supervisory capacity. Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 691-94 (1978).

The court notes that plaintiff's current complaint is difficult to comprehend. Plaintiff's amended complaint shall include "a short and plain statement" of each claim for relief. Fed. R. Civ. P. 8(a). Plaintiff's allegations shall be "simple, concise and direct." Fed. R. Civ. P. 8(e). Plaintiff is advised that if the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988).

Finally, plaintiff is advised that he cannot challenge the legality of his conviction or sentence in this civil rights action, nor allege a claim which implicates the legality of his conviction or sentence. Heck v. Humphreys, 512 U.S. 477, 481 & 486-87 (1994).

---

[1] Plaintiff's original complaint includes fourteen defendants in its caption, and lists twelve additional defendants at pages 3, 3(a) and 3(b).

///

**CONCLUSION**

Plaintiff's applications to proceed *in forma pauperis* (#1 and #6-1) are DENIED. Plaintiff shall file an amended application to proceed *in forma pauperis* and an amended complaint within 30 days of the date of this order. Plaintiff is advised that failure to comply with the directives of this order may result in the dismissal of this proceeding. Plaintiff's application to proceed *in forma pauperis* and amended complaint shall bear the case number 05-888-HU.[2]

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (#6-2) is DENIED with leave to renew upon satisfactory compliance with this order, plaintiff's motion "to move for a dismissal on grounds of gross negligence and fraud of the offices of Mayor of Portland" (#7) is DENIED on the basis that no grounds for the motion are stated, and plaintiff's motion for relief (#8) is DENIED on the basis that it seeks to recuse an unidentified judge. IT IS FURTHER ORDERED that plaintiff's supplemental complaint (#9) is DISMISSED.

---

[2] On August 18, 2005, plaintiff filed a document entitled "Combined Complaint's (B.)". This court construes the document as a supplemental complaint. So construed, the supplemental complaint is dismissed on the basis that it does not include allegations which have happened since the date of the complaint sought to be supplemented. See Fed. R. Civ. P. 15(d).

3 -- ORDER

///

///

The Clerk of the Court is DIRECTED to send plaintiff a prisoner civil rights packet with this order.

IT IS SO ORDERED.

DATED this __3rd___ day of October, 2005.

          ___/s/ Michael Mosman___
          Michael W. Mosman
          United States District Judge